IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| STUART WAYNE TOMPKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:10CV978 |
| ) | |
| JOEL HERRON, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court for a ruling on a number of pending motions, including (1) Defendants' motion to dismiss (Docket No. 51); (2) the motion of Plaintiff Tompkins to stay or deny summary judgment (Docket No. 56); (3) Plaintiff's motion for leave to amend his complaint (Docket No. 61); (4) Plaintiff's motion to further amend his complaint (Docket No. 62); (5) Plaintiff's motion for reconsideration (Docket No. 63); (6) Plaintiff's request for a court order (Docket No. 64); (7) Plaintiff's motion for production of documents (Docket No. 70); (8) Plaintiff's motion for reconsideration (Docket No. 73); (9) Defendants' motion for a protective order (Docket No. 75); (10) Plaintiff's motion for relief from judgment (Docket No. 82); and (11) Plaintiff's motion for a preliminary injunction (Docket No. 83). Plaintiff has also filed a number of affidavits in the action, but the Court does not construe these as motions requiring action by the Court.

Plaintiff's complaint in this action is made up of his original complaint (Docket No. 2), his complaint amendments (Docket No. 6), and his supplemental complaint (Docket No. 45). The gist of the *pro se* Plaintiff's complaint, as amended and supplemented, is that Plaintiff, a state prisoner, has been denied his First Amendment right to free speech with regard to contacts with friends and family and access to the courts. He asserts that there have been negligent and deliberately indifferent failures by Defendants resulting in his privileged and non-privileged prison mail being interfered with, stopped, or delayed. He alleges that Defendants have committed forgery "to and from the Postal Service, Courts, and Attorney to keep the Plaintiff from communicating." (Docket No. 2, Complaint ("Compl.") ¶ 23.) He sues the Defendants in their individual and official capacities. (Docket No.6.)

Upon review of the above-listed motions, the Court enters the following orders:

1. Defendants' motion for a discovery protective order is **GRANTED** and Plaintiff's motion to compel discovery is **DENIED**. (Docket No. 75; Docket No. 70.) Defendants have responded to Plaintiff's complaint with a preliminary Rule 12 motion to dismiss. That motion should be ruled upon before discovery is permitted in this action.

2. Plaintiff's motions for reconsideration of prior court orders (Docket Nos. 63 and 73) are **DENIED** since Plaintiff has shown no ground for reconsideration of previous rulings in this case.

3. Plaintiff's motions to further amend the complaint (Docket Nos. 61 and 62) are **DENIED** since Plaintiff has been granted two previous amendments and review of the

-2-

Case 1:10-cv-00978-TDS -PTS   Document 91   Filed 12/01/11   Page 2 of 9

proposed further amendments shows that they would not add material allegations to those already before the Court.

4. Plaintiff's motion to stay or deny summary judgment (Docket No. 56) is **DENIED** since there is no pending summary judgment motion. Defendants have filed a motion to dismiss which tests the legal sufficiency of the complaint, as amended. Under Rule 12, such a preliminary motion should be reached at this time by the Court.

5. Plaintiff's "Request Order" (Docket No. 64) is **DENIED**. The contours of Plaintiff's request are difficult to discern as a result of Plaintiff's *pro se* argument which is vague, rambling, and conclusory. It appears that Plaintiff complains that he is being harrassed by Defendants' requirement that he have only one prison grievance pending at a time. However, Plaintiff does not allege that he alone is being held to this standard, and the Court cannot find that such a policy, in and of itself, is or would be unreasonable or violative of any right held by Plaintiff. In his request dated June 2, 2011, Plaintiff complains that his grievance of May 16, 2011, has not been answered, but such an allegation, made only two weeks after submission of the grievance, raises no inference of deliberately indifferent or even negligent conduct by any Defendant.

**IT IS SO ORDERED**.

## Discussion of Remaining Motions

Remaining before the Court for disposition are Defendants' motion to dismiss, Plaintiff's motion for relief from judgment, and Plaintiff's motion for a preliminary injunction. The Court now turns its attention to these matters.

All Defendants[1] move to dismiss the complaint, as amended and supplemented, for failure to state a claim upon which relief can be granted. Dismissal is proper under Rule12(b)(6) where a plaintiff fails to plead a short and plain statement of the claim showing the pleader is entitled to relief. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). For the purposes of Rule 12(b)(6) the Court is not required to accept as true the legal conclusions set forth in a plaintiff's complaint. *District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979). A plaintiff must plead "enough facts to state a claim for relief that is plausible on its face," as opposed to merely conceivable on some undisclosed set of facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

---

[1] Plaintiff appears to name two mailroom defendants as Jane Doe Norton and Jane Doe Norris. It is unclear if these are two separate persons or, rather, simply Linda Norton who has joined in the motion to dismiss. The matter is immaterial to the Court's analysis of the motion to dismiss the complaint of the *pro se* Plaintiff who proceeds *in forma pauperis*. *See* 28 U.S.C. 1915(e)(2)(B)(ii).

recitation of the elements of a cause of action will not do." *Id*. at 555 (citations omitted). A complaint can only achieve facial plausibility when it contains sufficient allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The "plausibility" standard demands more than a mere possibility of misconduct, and if the facts alleged are "not only compatible with, but indeed . . . more likely explained by lawful . . . behavior," the pleading will be insufficient. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937 (2009).

Upon review of the original complaint, the amended complaint, and the supplemental complaint, the Court concludes that Plaintiff has failed to state a plausible claim that can pass the threshold *Iqbal* test. The complaint, written by the *pro se* Plaintiff, is rife with conclusory allegations and bare legal claims of violation of constitutional rights, but lacks "factual matter" that could make out a claim "plausible on its face." *Iqbal*, 129 S. Ct. at 1949. Plaintiff complains of interference with his prison mail. At bottom, however, his allegation is simply that he mailed letters to family, friends, and courts, but has not heard back from those parties. From this, he draws the conclusion that the mailroom Defendants have obstructed his mail, and all other Defendants have failed to act to prevent the obstruction of his mail. Defendants Ingram and Norton are identified as mailroom employees of the Scotland Correctional Institution ("SCI"). All other Defendants are sued in their supervisory capacities, from Defendant Lowry, supervisor of the SCI mailroom, up to Beverly Eaves Perdue, Governor of the State of North Carolina.

As to the supervisory Defendants, the Court observes that 42 U.S.C. § 1983, under which Plaintiff proceeds in pursuit of his constitutional claims, does not provide for vicarious liability. *See generally Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978). Potential liability turns on each defendant's personal knowledge and actions, not on the actions of others. Supervisory liability ultimately is determined by identifying persons in the decision-making chain whose personal deliberate indifference permitted constitutional abuses. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). Supervisory liability under § 1983 is thus dependent upon a showing that (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to a citizen; (2) the supervisor's response was so inadequate as to show deliberate indifference; and (3) there was an affirmative causal link between the supervisor's inaction and the injury suffered by the plaintiff. *Id.* at 799.

Plaintiff Tompkins asserts generally that the supervisory Defendants had knowledge that his mail was delayed or obstructed but took no action. These conclusory assertions fall far short of satisfying the *Iqbal* test. They are not entitled to being construed as "true" for pleading purposes as a result of the lack of specific factual assertions in the complaint.

Even as to the mailroom Defendants, Plaintiff pleads nothing beyond conclusory allegations of obstruction. He asserts that he has mailed letters to family, friends, and courts, but has not heard back. From this, he concludes that his mail has been obstructed by the mailroom Defendants. This conclusion is without force as a pleading. In fact, while

-6-

Case 1:10-cv-00978-TDS -PTS   Document 91   Filed 12/01/11   Page 6 of 9

Plaintiff asserts that his November through December, 2010 mailings to the Clerk for the U.S. District Court for the Western District of North Carolina in *Tompkins v. Mitchell*, No. 10-CV-186-RJC, were obstructed by the mailroom Defendants, his only supporting factual allegation is that the Clerk did not return to him copies of his documents stamped "FILED." Yet review of the docket of that Court, of which this Court may take judicial notice, shows that all of the mailings described by Plaintiff in his pleadings were in fact received by the Clerk and filed in Plaintiff's case. (Docket No. 52, Defs.' Mem. in Supp. of Mot. to Dismiss Am. Compl., Ex. A.)

Under these circumstances, Plaintiff has failed to state a plausible claim against the mailroom Defendants. His threadbare allegations advance no farther than his conclusory statement that the mailroom Defendants have "denied the Plaintiff Freedom of Speech." (Docket No. 2, § V, ¶ 1.) Even more so, Plaintiff has failed to present factual material that could make out any claim against the numerous supervisory Defendants he named in the complaint. The frivolity of Plaintiff's claims is demonstrated most clearly by his claim that the Governor of the State of North Carolina is liable to him under the allegations of the complaint. For these reasons, the motion to dismiss should be granted and this action should be dismissed as to all Defendants.

Also pending before the Court is Plaintiff's motion for relief from judgment (Docket No. 82). This motion should be denied as frivolous. No judgment has been entered in this case. In his motion, Plaintiff states that he received in late July an "informal brief" from the

court of appeals. He further states that he has not filed any notice of appeal in this case. He concludes from this, "in other words, the Defendants has forgery [sic] a False Document to this Court." (*Id.* at 3.) He continues that "it is misconduct when such Defendants has forgery [sic] a Notice of Appeal to this Court and was not wrote by the Plaintiff." (*Id.* at 3-4.) Review of the file shows, however, that Plaintiff did indeed file a Notice of Appeal on February 3, 2011, wherein he appealed from this Court's Order of January 28, 2011, denying his request for appointment of counsel. Accordingly, Plaintiff's motion for "relief from judgment" has no factual basis. It results from false assumptions by Plaintiff and is based upon blatantly false accusations directed toward Defendants.

Finally, Plaintiff's motion for a temporary retraining order (Docket No. 83) should be denied as without merit. Plaintiff has made no further showing than that made in his previous motion for preliminary injunctive relief, which was denied by the Court on July 5, 2011. (Docket No. 68.) Furthermore, as shown above, Plaintiff has failed even to file a legally sufficient complaint against any Defendant in the action.

## **Recommendation**

Accordingly, **IT IS RECOMMENDED** that Defendants' motion to dismiss (Docket No. 51) be granted; that Plaintiff's motion for relief from judgment (Docket No. 82) be denied as frivolous; and that Plaintiff's motion for preliminary injunctive relief (Docket No. 83) be denied as without merit. This action should be dismissed with prejudice.

This the  1st  day of December, 2011.

                                          /s/ P. Trevor Sharp
                                     United States Magistrate Judge