IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| STUART WAYNE TOMPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10-cv-978 |
| | ) | |
| JOEL HERRON; GERALDYNE O. LEWIS; KRISTIE B. STANBACK; JOHN DOE LOWERY; JOHN DOE INGRAM; JANE DOE NORTON; JANE DOE NORRIS; ROBERT C. LEWIS, Director of Prison; ALVIN W. KELLER, JR., Secretary of Correction; BEVERLY EAVES PERDUE, Governor; JAMES C. FRYE; JOHN DOE CONVINGTON; JANE DOE ALFORD; MARIETTA BARR; JANE DOE, also known as CHANDRA K. RANSOM, Unit Manager, Scotland Correctional Institute, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Plaintiff Stuart Wayne Tompkins ("Tompkins"), a prisoner serving his sentence in the Scotland Correctional Institution in Laurinburg, North Carolina ("the Prison"), brings a <u>pro</u> <u>se</u> complaint under 42 U.S.C. § 1983 against numerous administrators and employees at the Prison as well as North Carolina's Governor, the Secretary of Correction, and officials in the Division of Prisons (the "Defendants"), alleging that they are interfering with his incoming and outgoing mail; hindering him

Case 1:10-cv-00978-TDS-LPA   Document 113   Filed 03/30/12   Page 1 of 12

from communicating with his attorney, the courts, and his family members; and preventing him from disclosing information about conditions in the Prison -- all in violation of his rights under the First and Fourteenth Amendments. (Doc. 2.) Defendants moved to dismiss Tompkins's complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 51.)

The United States Magistrate Judge issued his Order and Recommendation ("Recommendation") in accordance with 28 U.S.C. § 636(b) and recommends dismissing the action with prejudice. (Doc. 91.) The Magistrate Judge also issued orders resolving a number of outstanding matters: he granted Defendants' motion for a protective order (Doc. 75); denied Tompkins's motion to compel discovery (Doc. 70); denied Tompkins's motions to reconsider previous rulings in the case (Docs. 63 and 73); denied Tompkins's motions to further amend the complaint (Docs. 61 and 62); denied Tompkins's motion to stay or deny summary judgment (Doc. 56); and denied Tompkins's "Request Order" (Doc. 64). Tompkins objected to the Recommendation (Doc. 93) and has since filed a number of pro se "affidavits" in support of his claims.[1]

---

[1] Since filing his objections on December 7, 2011, Tompkins has filed 18 additional documents in this case. Many of them are styled as "affidavits" in support of his various claims, although some of the documents are styled as "motions" and seek review of the court's prior rulings. The court will consider only those objections to the Magistrate Judge's Recommendation filed within 14 days of its service on Tompkins. 28 U.S.C. § 636(b)(1).

The court is required to conduct a de novo review of those portions of the Recommendation to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). When ruling on a motion to dismiss under Rule 12(b)(6), the court takes the allegations in the light most favorable to the non-moving party, Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009), and seeks to determine whether the complaint contains sufficient facts "to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In making this determination, the court construes Tomkins's pro se complaint "liberally." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

The First Amendment protects a prisoner's right to send and receive mail. Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999) (citing Thornburgh v. Abbott, 490 U.S. 401 (1989); Turner v. Safley, 482 U.S. 78 (1987)). Tompkins contends that the Magistrate Judge erred by recommending the dismissal of his complaint because he "has already shown" that the Defendants failed to deliver his mail, in violation of the First Amendment. (Doc. 94 at 7.) In the event that his complaint is found to be deficient, however, he also argues that the Magistrate Judge erred by denying his motion to further amend the complaint. Had the requested amendment been permitted, Tompkins claims, the complaint would demonstrate that Defendants unreasonably delayed

3

and otherwise interfered with his mail. (Id. at 4-5.) Tompkins further contends that the Magistrate Judge applied the incorrect legal standard in recommending the dismissal of his complaint (id. at 6) and that he should be entitled to discovery (id. at 8). Finally, Tompkins argues that if his complaint is dismissed, it should be dismissed without prejudice so that he may have an additional opportunity to attempt to state a claim to relief.

Tomkins's objections are without merit. Liberally construed, the complaint alleges that Tompkins has mailed letters to family members, friends, legal advocacy groups, various courts, and North Carolina's Governor, but, in general, has not received timely responses. From this, he concludes that the Defendants are interfering with his mail. In addition, he states that the Defendants in supervisory roles were aware of his problems with the mail but did nothing in response or ignored his complaints. Tompkins contends that these allegations state a claim to relief that is plausible on its face.

He is mistaken. The Supreme Court has explained that "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability," it stops short of stating a plausible claim that the plaintiff is entitled to relief. Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949

4

(2009) (quoting Twombly, 550 U.S. at 557). Here, Tompkins has failed to demonstrate that his claims are plausible. A review of the letters that Tompkins alleges he sent (which, in general, reiterate his various complaints against Prison officials and request assistance from media outlets) reveals that the intended recipients simply may have chosen not to correspond with him, making his allegations "merely consistent" with the Defendants' liability.

Moreover, to establish liability for the Defendants based on their knowledge of the alleged problems with Tompkins's mail, he must show that each Defendant, through his or her own actions, violated the Constitution. Id. at ---, 129 S. Ct. at 1948. The Fourth Circuit has explained that such "supervisor liability" under 42 U.S.C. § 1983 requires a plaintiff to show that (1) the supervisor had knowledge that his subordinate was engaging in activity that created a "pervasive and unreasonable risk" of a constitutional injury, (2) that the supervisor's response was so inadequate that it exhibited "deliberate indifference to or tacit authorization of" the subordinate's behavior, and (3) that there was an "affirmative causal link" between the supervisor's inaction and the plaintiff's alleged constitutional injury. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations and internal quotation marks omitted). Here, Tompkins's allegations as to those Defendants in

supervisory roles are merely conclusory.  Tompkins has also failed to allege facts showing that the Prison's response was so inadequate that it demonstrated a deliberate indifference to or tacit authorization of the alleged violations or, as noted above, that he even suffered a constitutional injury.  In fact, documents that Tompkins attached to his complaint indicate that Prison officials investigated his concerns and determined that they were baseless.  (Doc. 2 at 5-9.)

Tomkins's contention that he should have been given an additional opportunity to amend his amended complaint is similarly without merit.  The Magistrate Judge had already permitted Tompkins to amend his complaint twice (Docs. 5, 6, 44, and 45) at the time of the Recommendation (Docs. 11 and 60). More importantly, the Magistrate Judge considered the proposed amendments and concluded that they "would not add material allegations to those already before the Court."  (Doc. 91 at 3.)

This court's <u>de</u> <u>novo</u> review of Tompkins's proposed amendments results in the same conclusion.  In his objections, Tompkins points to two allegations he raises in his proposed amendments that he believes are sufficient to state a plausible claim.  First, he states that "he has been denied all communication" with family members, various clerks of court, and his attorneys because the Defendants "would unreasonable [sic] delay [the] delivery [of] outgoing and incoming mail and has

6

[sic] at times failed or refuse [sic] delivery [of] incoming mail or post outgoing mail." (Doc. 62 at 1.) Tompkins bases this belief on his allegations that he received no notification from the Defendants that his letters were not sent and that he was "denied reasonable opportunity to protest" governmental interference with his mail. (Id. at 2.)

Tompkins has failed to provide specific factual allegations that make these conclusory claims plausible. Tompkins also fails to explain when and how he was denied an opportunity to protest the interference with his mail, especially in light of the documents attached to his complaint which show that prison officials permitted him to file grievances and have them investigated. As a result, Tompkins's allegations are conclusory and lack a sufficient basis in fact to support his claim that the Defendants are interfering with his mail. Cf. Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (explaining that courts resolving a motion to dismiss "are not required . . . to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" (internal quotation marks omitted)).[2]

---

[2] In fact, the record is replete with evidence that Tompkins's intended recipients are receiving his letters. This court, for example, has received in the mail more than 70 documents from Tompkins over the course of this litigation.

Second, Tompkins states that the Defendants failed to deliver to him correspondence he was expecting from North Carolina Prisoner Legal Services ("NCPLS").[3] (Doc. 94 at 7.) According to Tompkins, he requested in a May 12, 2011 letter that NCPLS return certain documents to him. When he had not received the documents by May 25, 2011, he mailed a letter to the North Carolina State Bar ("Bar"), asking it to intervene on his behalf. The Bar's reply, dated June 9, 2011, indicated that NCPLS had already returned Tompkins's documents but that NCPLS would send the documents again. Ultimately, Tompkins acknowledges, he received the documents on June 14, 2011. (Doc. 66 at 2.)

From the court's review of the record, this isolated incident is the only instance Tompkins identifies where a letter he was expecting to receive was potentially delayed. Cf. Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (explaining that an "isolated incident of mail tampering is usually insufficient to establish a constitutional violation"). Even assuming that

---

[3] The facts underlying this argument do not appear in Tompkins's complaint, amendments, or proposed amendments. In fact, he first raises the allegations in an evidentiary affidavit filed on June 28, 2011. (Doc. 66.) This is troubling because when resolving a motion to dismiss under Rule 12(b)(6) a court is limited to considering matters contained in the pleadings. See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004). Tompkins, however, is pro se and is clearly unfamiliar with the rules of pleading. Accordingly, the court will consider his argument as if the relevant portions of his evidentiary affidavit were a part of his complaint.

NCPLS did send a letter prior to June 9, 2011, however, the record is devoid of any facts demonstrating that Tompkins would be entitled to relief. For example, the record fails to allege when the letter was mailed to Tompkins, making it impossible for the court to evaluate the length of any delay. And even assuming that one of the letters did not reach him, Tompkins fails to allege how the Defendants engaged in a pattern or practice to interfere with his mail. This deficiency in the complaint is fatal to his claim. Rowe, 196 F.3d at 782 ("[M]erely alleging an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support, even as against a motion to dismiss, a cause of action grounded upon the First Amendment."); Cancel v. Goord, No. 00 CIV 2042 LMM, 2001 WL 303713, at *7 (S.D.N.Y. Mar. 29, 2001) ("Without alleging additional facts to establish a pattern and practice that rises to the level of constitutionally impermissible censorship, Plaintiff's complaint is deficient.").

Tompkins's next objection -- that the Magistrate Judge applied an incorrect legal standard when resolving the motion to dismiss -- is equally unavailing. Tompkins argues that his complaint should be dismissed only "if it appears 'beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  (Doc. 94 at 6

9

(quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)).) The Supreme Court, however, has rejected the "no set of facts language" as "an incomplete, negative gloss on an accepted pleading standard." Twombly, 550 U.S. at 563. Thus, the Magistrate Judge was correct to determine whether Tompkins's complaint stated a claim to relief that was plausible on its face.

Tompkins's misreading of the applicable standard for a dismissal under Rule 12(b)(6) obviates another aspect of his objections. He relies on Bolding v. Holshouser, 575 F.2d 461 (4th Cir. 1978), for the proposition that a plaintiff must only allege that the defendants "unreasonably delayed the delivery of incoming mail and the posting of outgoing mail, and . . . failed or refused to deliver incoming mail or post outgoing mail" to survive a motion to dismiss under Rule 12(b)(6). Id. at 464-65. In so holding, however, the Bolding court expressly stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief." Id. at 464. That standard, of course, is the precise one that the Supreme Court rejected in Twombly, 550 U.S. at 563. Rule 12(b)(6) requires the allegation of sufficient facts to state a claim to relief that is plausible on its face,

10

id. at 570, and Tompkins's complaint fails to do so.  Thus, the complaint will be dismissed pursuant to Rule 12(b)(6).

Anticipating this result, Tompkins objects to the Magistrate Judge's recommendation that his complaint be dismissed with prejudice.  Tompkins contends that his pro se complaint should be dismissed without prejudice so that he may have an opportunity to further amend his complaint.  While Tompkins is correct that a court generally should permit a pro se litigant an opportunity to amend his complaint before dismissing it with prejudice, see, e.g., Moawad v. Childs, 673 F.2d 850, 851-52 (5th Cir. 1982), Tompkins is currently on the third version of his complaint.  Furthermore, he has proposed additional amendments to his pleadings that the court has carefully considered and found insufficient to state a claim for relief.  Put succinctly, in over 70 repetitive, rambling, and, at times, incoherent filings since December 22, 2010, Tompkins has failed to state a claim for relief that is plausible on its face.  The court agrees with the Magistrate Judge that Tompkins has had more than an adequate opportunity to make sufficient allegations against the Defendants.  Accordingly, this action will be dismissed with prejudice.

Dismissal, of course, moots Tompkins's objection that the Magistrate Judge erred in denying his motion to compel discovery.  See McMillian v. Kennedy, No. 5:09-CV-92-BO, 2010 WL

11

3063270, at *2 (E.D.N.C. Aug. 3, 2010) (dismissing as moot a plaintiff's motion to compel discovery where the defendant's motion to dismiss was granted).

Finally, the court will adopt the Magistrate Judge's recommendations denying Tompkins's motion for relief from judgment (Doc. 82) and his motion for a temporary restraining order and a preliminary injunction (Doc. 83). Tompkins's arguments in support of his motions are without merit.

In summary, the court has reviewed the portions of the Magistrate Judge's report to which objection was made and has made a de novo determination, which is in accord with the Magistrate Judge's report. The court therefore adopts the Magistrate Judge's Recommendation.

IT IS ORDERED that Defendants' Motion to Dismiss (Doc. 51) is GRANTED; Plaintiff's motions for relief from judgment (Docs. 82 and 96) are DENIED; and Plaintiff's motions for a restraining order and preliminary injunctive relief (Docs. 83 and 110) are DENIED.

IT IS FURTHER ORDERED that this action be DISMISSED WITH PREJUDICE, and without the assessment of costs.

/s/   Thomas D. Schroeder
United States District Judge

March 30, 2012